**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HOPE DAVIS, On Behalf of Herself and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**C&D Security Management, Inc. d/b/a Allied Universal Security Services, and Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC,**<br><br>**Defendant** | **CIVIL ACTION**<br><br>**No. 2:20-cv-01758-MMB** |

<u>**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**</u>

**Baylson, J.**                                                                                                       **July 27, 2020**

**I.     Introduction**

Hope Davis ("Plaintiff") twice applied to C&D Security Management, Inc. d/b/a "Allied Universal" and Universal Protection Services, LLC, d/b/a "Allied Universal" (collectively "Defendant" or "Allied") for employment as a security guard. Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by denying Plaintiff employment opportunities based on the results of her consumer report without first providing her notice, a copy of the report, and a summary of her FCRA rights. Plaintiff seeks relief under the FCRA on behalf of herself and others who are similarly situated. Currently before the Court is Defendant's Motion to Dismiss or Strike Certain Individual and Class Allegations. For the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

**II.    Factual and Procedural Background**

The factual background is drawn from the allegations in the Complaint. The Court takes

the facts alleged by Plaintiff as true and construes them in her favor, as is required at the motion to dismiss stage. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

Plaintiff twice applied to Defendant for employment as a security guard staffed on the Tulane University campus, first in August 2019 and again in January 2020. (ECF 1, Compl. ¶¶ 15-16.) In both instances, Defendant conditionally offered Plaintiff a position, but later withdrew the offer. (Id.) Defendant utilized an outside consumer reporting firm to run background checks on prospective employees, which included obtaining and reviewing the applicant's consumer reports. (Compl. ¶¶ 13-14, 19.) Defendant informed Plaintiff that her employment offer had been rescinded based on the contents of her consumer report. (Compl. ¶¶ 16-17.) Plaintiff alleges Defendant did not provide Plaintiff with a pre-adverse action notice, a copy of her consumer report, or a summary of her rights under the FCRA before taking adverse employment action against her. (Compl. ¶ 17.)

On April 2, 2020, Plaintiff filed her Complaint in this Court on behalf of herself and others similarly situated asserting willful violations of the FCRA.[1] (ECF 1.) The Complaint defines the class as:

> All applicants and employees in the United States who were subject to an adverse employment action based in whole or in part on their consumer report but to whom ALLIED did not provide notice, a copy of the report and a summary of rights before taking the adverse employment action, for the five years preceding the date of final judgment in this action.

(Compl. ¶ 33.) On May 28, 2020, Defendant filed the instant Motion to Dismiss or Strike Certain Individual and Class Allegations. (ECF 10.) Plaintiff responded in opposition on June 25, 2020, (ECF 14), and Defendant replied in support on July 2, 2020. (ECF 15.)

---

[1] This Court has jurisdiction pursuant to 15 U.S.C. § 1681p. Under § 1681n(a), a consumer reporting agency or user of information who *willfully* fails to comply with a § 1681b requirement is civilly liable to the aggrieved consumer. 15 U.S.C. § 1681n(a) (emphasis added).

**III.    Legal Standards**

Defendant moves to dismiss and strike under various provisions of the Federal Rules of Civil Procedure ("Rule"). Relevant here is Rule 12(f), Rule 12(b)(1), and Rule 12(b)(6).

**A.    Rule 12(f)**

Under Rule 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (Rufe, J.). A motion to strike is "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. A court's consideration of a motion to strike class allegations should not be analyzed under Rule 12(f), rather a court should consider a motion to strike class allegations under the pertinent provisions of Rule 23, which governs class certification. In re Ry. Indus. Emp. No-Poach Antitrust Litig., 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019).

**B.    Rule 12(b)(1) and Rule 12(b)(6)**

Rule 12(b)(1) permits courts to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of standing is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). When considering a motion identified to dismiss under Rule 12(b)(1), the court must determine whether the deficiency by defendant is facial or factual, "because that distinction determines how the pleading must be reviewed." Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). When a party asserts a facial attack, it asserts that the claim is insufficient to invoke subject matter jurisdiction as a threshold issue. Id. In reviewing a facial attack, the court applies

3

the same standard of review as a motion to dismiss under 12(b)(6). Id. In the motion presently before the Court, Defendant asserts a threshold jurisdictional defect, lack of standing. Thus, Defendant presents a facial 12(b)(1) motion. Accordingly, the Court evaluates Defendant's standing arguments under the 12(b)(6) standard.

In considering a motion under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Iqbal explained that while factual allegations must be treated as true, that requirement does not apply to legal conclusions. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**IV.    Parties' Contentions**

Defendant raises two arguments. Plaintiff responds in opposition to each point.

First, Defendant argues that the Court should dismiss the class claim or strike any class allegations incorporating claims arising more than two years prior to the Complaint's filing because they run afoul of FCRA's statute of limitations. (ECF 10, Mot. to Dismiss at 3-5.) Plaintiff proposes a class which includes applicants and employees alleging FCRA violations against Defendant "for the *five years* preceding the date of final judgment in this action." (Compl. ¶ 33) (emphasis added). However, the FCRA statute of limitations is "the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis of such liability occurs." 15 U.S.C. § 1681p.

4

Defendant contends that striking class allegations is supported by Rule 12(f) and Rule 23(d). (Mot. to Dismiss at 5.) Specifically, Defendant identifies Rule 23(d)(1)(D) as providing authority to strike class allegations before discovery or class certification when it is evident from the complaint itself that a class action cannot be maintained. (Id. at 7-8.) Defendant asserts that, due to FCRA's statute of limitations, any of the putative class members whose claims arise more than two years before the Complaint are subject to individual inquiries about whether, and when each class member discovered the alleged FCRA violations. (Id. at 10-11.) Defendant argues that adjudicating these individual inquiries would be inconsistent with Rule 23, as it would make individual issues predominate over common issues. (Id. at 11.) Plaintiff responds that it is premature to dismiss or strike the class allegations. (ECF 14, Pl.'s Resp. at 2-3.)

Second, Defendant contends that Plaintiff lacks Article III standing to bring claims relating to any alleged failure to provide Plaintiff a summary of FCRA rights under § 1681b(b)(3)(A)(ii). (Mot. to Dismiss at 3.) Specifically, Defendant asserts that Plaintiff suffered no injury-in-fact from the alleged violation of § 1681b(b)(3)(A)(ii), which requires that a consumer be provided a copy of their FCRA rights prior to any adverse employment action, because Plaintiff ultimately became informed of her rights and brought a timely lawsuit. (Id. at 13-14.) According to Defendant, if Plaintiff lacks personal standing, she no longer possesses standing on behalf of the putative class with respect to alleged violations of § 1681b(b)(3)(A)(ii). (Id. at 15-16.) Plaintiff responds that it is premature to strike § 1681b(b)(3)(A)(ii) class allegations because they are related to the other FCRA claims and they do not cause prejudice or create confusion. (Pl.'s Resp. at 6.)

**V.   Discussion**

Each of Defendant's arguments will be addressed in turn. The Court concludes that (A) Defendant's request to strike or dismiss class allegations incorporating claims arising more than

two years prior to the filing of the Complaint is premature and (B) Plaintiff lacks standing for individual and class claims with respect to alleged violations of § 1681b(b)(3)(A)(ii).

### A. Defendant's Request to Strike or Dismiss the Class Allegations is Premature

Defendant seeks to strike class allegations that incorporate claims arising more than two years prior to the filing of the Complaint because they would necessitate individual inquiries which are inconsistent with the requirements of Rule 23. (Mot. to Dismiss at 4-5.) For the reasons that follow, the Court concludes that Defendant's request is premature.

Courts generally do not consider motions to strike class allegations under Rule 12(f). Ry. Indus., 395 F. Supp. 3d at 496; see, e.g., Goode v. LexisNexis Risk & Info. Analytics Grp., Inc., 284 F.R.D. 238, 243-244 (E.D. Pa. 2012) (DuBois, J.) (considering a motion to strike class allegations under 23(d) rather than under 12(f)). Rule 23(d)(1)(D) provides that, in conducting a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

The Third Circuit has held that "to determine if the requirements of Rule 23 have been satisfied, a district court must conduct a 'rigorous analysis.'" Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011), opinion reinstated in part, No. 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008)). Discovery and full briefing on the merits of class certification are usually necessary to conduct this "rigorous analysis." Goode, 284 F.R.D. at 245. The Third Circuit has acknowledged that a court should only strike class allegations contained in a complaint in "rare" cases when "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Landsman, 640 F.3d at 93 n.30.

The Court concludes that this is not one of the "rare" cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. The present issue is distinct from the cases cited by Defendant where courts in this circuit have stricken class definitions prior to discovery or class certification, as those cases addressed neither alleged FCRA violations nor issues related to individual inquiries of the statute of limitations. See Ry. Indus., 395 F. Supp. 3d at 514 (dismissing class allegations without prejudice in a Sherman Act case where the plaintiffs failed to demonstrate a prima facie element necessary to prove predominance in anti-trust claims); Bell v. Cheswick Generating Station, Genon Power Midwest, L.P., No. 12-cv-0929, 2015 WL 401443, at *4 (W.D. Pa. Jan. 28, 2015) (dismissing class allegations because the plaintiffs alleged a "fail safe" class); Semenko v. Wendy's Int'l, Inc., No.12-cv-0836, 2013 WL 1568407, at *11 (W.D. Pa. Apr. 12, 2013) (dismissing class allegations because the nature of discrimination allegations under the American Disabilities Act requires highly individualized inquiries). Furthermore, the out of circuit FCRA cases cited by Defendant, in which a court declined to certify claims beyond two years, occurred at the class-certification stage, not on motion to strike.[2] Holman v. Experian Info. Sols., Inc., No. 11-cv-180, 2012 WL 1496203, at *1 (N.D. Cal. Apr. 27, 2012); Molina v. Roskam Baking Co., No. 09-475, 2011 WL 5979087, at *1 (W.D. Mich. Nov. 29, 2011).

Thus, while Defendant may ultimately be correct regarding the inadequacy of Plaintiff's class definition, the Court will deny Defendant's motion to strike portions of Plaintiff's class allegations at this time. This denial is without prejudice to Defendant's right to raise the issue under Rule 23, assuming Plaintiff's file a motion for class certification.

---

[2] Notably, in these cases, the issue of class definition was not even raised prior to class certification.

### B.      Plaintiff Lacks Standing For Individual and Class Claims Related to Alleged Violations of § 1681b(b)(3)(A)(ii)

The FCRA provides that "before" a potential employer takes "any adverse action based in whole or in part" on a consumer report, it must provide the person who is the subject of that report with "(i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA]." 15 U.S.C. § 1681b(b)(3)(A). An adverse action includes "a denial of employment." Id. § 1681a(k)(1)(B). Defendant asserts Plaintiff lacks standing for claims related to §1681b(b)(3)(A)(ii). Importantly, however, Defendant does not presently seek to strike or dismiss claims related to § 1681b(b)(3)(A)(i). (Mot. to Dismiss at 6 n.1.) Therefore, the Court's current analysis does not affect the viability of claims under § 1681b(b)(3)(A)(i).

Under Article III of the United States Constitution, the power of the judiciary "extends only to 'cases' and 'controversies.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). The standing doctrine identifies what constitutes a "case" or "controversy." Id. In order to have standing, all claims must demonstrate an injury-in-fact, which the Third Circuit has defined as the "'invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" Finkelman v. Nat'l Football League, 810 F.3d 187, 193 (3d Cir. 2016) (quoting Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014)).

The Third Circuit is typically very generous when examining a claimant's alleged injury, "requiring only that claimant allege some specific, identifiable trifle of injury." Long v. Se. Pa. Transp. Auth., 903 F.3d 312, 322 (3d Cir. 2018) (quoting In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017)). However, the Third Circuit has held that a "'bare procedural violation, divorced from any concrete harm,' cannot 'satisfy the injury-in-fact requirement of Article III.'" Id. at 320 (quoting Spokeo, 136 S. Ct. at 1549). Here, Defendant

8

argues that because Plaintiff became aware of her rights and brought a timely lawsuit, any harm suffered for the alleged violation of § 1681b(b)(3)(A)(ii) is a "bare procedural violation." (Mot. to Dismiss at 15.) The Third Circuit's holding in Long compels this Court to agree.

Long addressed a case with nearly identical facts, in which three named plaintiffs alleged individual and class claims against an employer who failed to provide copies of consumer reports and summaries of FCRA rights before revoking or denying employment offers. Long, 903 F.3d at 317. The Third Circuit affirmed the district court's 12(b)(1) dismissal of claims relating to the failure to provide a summary of FCRA rights under § 1681b(b)(3)(A)(ii). Id. at 325. Specifically, the court found that because the plaintiffs became aware of their rights and were able to timely file a lawsuit, they were "not injured" by the defendant's failure to provide a summary of FCRA rights. Id. Under these circumstances, the Third Circuit found that the defendant's conduct was a "bare procedural violation" of § 1681b(b)(3)(A)(ii) that did not satisfy the injury-in-fact requirement of Article III. Id.

The holding in Long is unmistakably applicable here. Even assuming Defendant failed to provide Plaintiff with a summary of her FCRA rights, Plaintiff ultimately became informed in time to file this lawsuit. Thus, just as in Long, Plaintiff suffered no injury-in-fact and the Court must dismiss the claim for lack of subject matter jurisdiction. Plaintiff does not attempt to distinguish Long. Instead, she points to Judge DuBois's opinion in Goode, which held that allegations should only be stricken under 12(f) if there is "no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Goode, 284 F.R.D. at 243. Plaintiff asserts that since § 1681b(b)(3)(A)(ii) allegations are related to the other FCRA claims and would not cause prejudice or create confusion, they should not be stricken.

Plaintiff's analogy to Goode is unpersuasive because the question of whether a claim may

be stricken under Rule 12(f) is distinct from the requirement that the Court must have subject matter jurisdiction over all claims. The Court concludes, based on a straight-forward application of Long, that subject matter jurisdiction over Plaintiff's § 1681b(b)(3)(A)(ii) claim is lacking.

The Court further finds that it is not premature to strike the class allegations relating to alleged violations of § 1681b(b)(3)(A)(ii). At least one named plaintiff in a class must have Article III standing to maintain a suit. Horizon, 846 F.3d at 634. Here, as Plaintiff has failed to establish the requisite individual case or controversy with respect to the § 1681b(b)(3)(A)(ii) claim, she may not seek relief on behalf of the putative class. See Long, 903 F.3d at 325 (noting that named plaintiffs must allege that they have personally been injured with respect to a claim in order to represent a class on that issue). Furthermore, delaying this issue until class certification would be futile given that no additional showing of facts or discovery could cure the deficiencies relating to a lack of standing for § 1681b(b)(3)(A)(ii) violations.[3]

In sum, Plaintiff suffered no injury-in-fact from Defendant's alleged failure to provide a summary of FCRA rights, and thus Plaintiff lacks Article III standing for individual and class claims related to alleged § 1681b(b)(3)(A)(ii) violations. Therefore, the portion of the Complaint alleging violations under § 1681b(b)(3)(A)(ii) is dismissed for lack of subject matter jurisdiction. However, this dismissal does not affect the viability of individual or class claims under § 1681b(b)(3)(A)(i), as they are not presently challenged.

## VI. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss or Strike is GRANTED in part and DENIED in part.

An accompanying Order follows.

---

[3] While Plaintiff does not seek leave to amend, granting leave to amend in this instance would also be futile.