# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOPE DAVIS, on behalf of Herself and on behalf of all Others similarly situated, | : : : : |
| Plaintiff, | : Case No. 2:20-cv-01758-MMB : : |
| v. | : : |
| C&D Security Management, Inc. d/b/a/ Allied Universal Security Services, and Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC | : : : : : |
| Defendants. | : |

## STIPULATION AND AGREED PROTECTIVE ORDER

Plaintiff HOPE DAVIS and Defendants C&D Security Management, Inc. and Universal Protection Service, LLC, hereby stipulate and agree that the following provisions will govern the production and exchange of confidential discovery materials and other confidential information in this action. Having stipulated through their respective attorneys for the entry of this Agreed Protective Order (the "Order"), the parties submit the Order for the Court's approval pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and state as follows:

1. Given the subject matter of this action, the parties reasonably expect that certain discovery and/or testimony in this case might involve materials that are confidential, subject to restrictions and/or confidentiality agreements, or otherwise subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure. To facilitate the orderly progress of discovery of these matters, the parties hereby stipulate and agree to the entry of this Order.

2. This Order shall remain in effect for the duration of this action unless otherwise ordered by the Court or agreed by the parties.

3. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order.

4. Designations of information as "Confidential" pursuant to this Order are intended strictly for the purpose of facilitating the litigation of this action.

5. The parties hereby reserve their rights to challenge any party or non-party's claim that any information produced in this litigation is confidential or should be subject to this Order. The parties further reserve their rights to continue making full and appropriate use of any information that was lawfully in their possession before the date the Class Action Complaint was filed in this action, and nothing in this Order shall restrict a party from continuing to make use of said information simply because another party subsequently designates any portion of that information for protection under this Order.

6. As used herein:

   a. "Producing Party" means any person or entity that produces documents or information in connection with this action, including Defendants or any non-party.

   b. "Receiving Party" means the person or entity to whom a Producing Party produces any documents or other materials in connection with this action, including Plaintiff and Defendants.

   c. "Designating Party" means: (i) any Producing Party that designates documents or information as "Confidential" pursuant to the terms of this Order; or (ii) any party that designates documents or information subpoenaed from a non-party as "Confidential" pursuant to the terms of this Order.

d. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

7. Confidential Materials: Any Designating Party may designate documents and other information produced in this action (including deposition testimony or testimony by way of affidavit/declaration) as "Confidential" if the Designating Party has a good faith belief that the document or information so designated constitutes: (a) non-public, proprietary, or confidential research, development, or commercial information, trade secrets, or non-public intellectual property, or pricing or financial data of the Designating Party or its affiliates, including policies and procedures, business plans, advertising or marketing initiatives, budget data, pricing models, sales data, and confidential tax data; (b) the personal information of individuals, including biographical data, bank account data, health and drug testing data, public records data, background reports, and other similar, sensitive personal information; or (c) other proprietary or confidential information that would not be available to the public or non-parties outside the context of this litigation, including information otherwise protected from disclosure by statute or regulation. In any dispute regarding the propriety of designating any material as confidential, the burden of establishing the proper designation of materials as confidential shall be upon the Designating Party.

8. Confidential Materials, including attorney work product containing or referring to Confidential Materials, shall be used solely for the purpose of this action, shall not be used for

any other business, competitive, or other purpose, and shall not be disclosed to any other person or entity other than:

    a. The parties in this action;

    b. Counsel for the parties in this action, including employees or agents of such counsel to the extend necessary to provide professional services in this action;

    c. The Court and persons employed by the Court working on this action;

    d. Court reporters at the proceedings in this action;

    e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set forth in Paragraphs 9 and 10 below; and

    f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set forth in Paragraphs 9 and 10 below.

9. Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 8, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Order. In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as **Exhibit A**) to be bound by the terms of this Order. The signed Acknowledgment forms will be e-mailed by counsel to opposing counsel immediately upon execution and prior to disclosing any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 8.

10. In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during or following the deposition, to require the reporter to prepare the transcript or portions thereof and exhibits as "Confidential" pursuant to this Order. Such transcripts, excerpts, exhibits, and the

information contained therein shall remain protected under this Order regardless of whether the parties' counsel exercises the option provided by this paragraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential." A Designating Party may not over-designate deposition transcripts and may only designate in any transcript those excerpts or portions or exhibits, which are legitimately confidential.

11. This Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

12. Within fourteen (14) days of the conclusion of this action, including the exhaustion of any appeals, as to all parties, Confidential Materials produced by the Producing Party, as well as all copies, excerpts, or summaries thereof, shall be returned to the Producing Party or destroyed.

13. Nothing in this Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action.

14. This Agreed Protective Order does not authorize the filing of any documents under seal. Pursuant to Local Rule 5.1.5, documents may be sealed only if authorized by statute, rule, or order of the Court. To the extent any party has reason to publicly file any paper with the Court containing Confidential Materials, that party shall file such papers under seal by filing and serving a motion to file under seal accompanied by a proposed order, or in any other manner in which the Court so requires. If the party filing such Confidential Materials is not the Designating Party, the Designating Party, if required by the Court, shall demonstrate that sealing

is warranted under the applicable legal standards through the submission of additional materials in support of the motion to seal.

15. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Materials disclosed or as to other related information.

16. Any party may apply to the Court seeking an order that information designated as "Confidential" pursuant to this Order need not be treated as such. The party seeking relief from this Order shall specify which information designated as "Confidential" by a Designating Party for which it disputes the designation and the reasons for the dispute. In the event that a Receiving Party seeks to challenge the appropriateness of the "Confidential" designation of any material, such party shall consult in good faith with the Designating Party in an effort to resolve the matter on an informal basis prior to seeking Court intervention.

17. Except as otherwise provided herein, no party shall disclose any information designated as "Confidential" without the advanced written consent of the Designating Party or the express permission of the Court.

18. Furnishing of consumer report information for the purposes of litigating this action is authorized by this Order pursuant to 15 U.S.C. § 1681b(a)(l).

19. The inadvertent production or disclosure of any document or filing otherwise protected by the attorney-client privilege or work-product immunity shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity, pursuant to Rule 502(d) of the Federal Rules of Evidence.

20. If, after learning of the inadvertent production or disclosure, the Producing Party wishes to assert its privilege or protection, it shall send to each Receiving Party a written request

for return of the inadvertently produced or disclosed document or thing. Notwithstanding the procedures outlined in Paragraphs 20(a) to (d) below, a Receiving Party shall not further review the inadvertently produced document or thing except as necessary to identify it for return and destruction and, within five (5) business days of receiving such a request, each Receiving Party shall return to the Producing Party all such documents and things identified by the Producing Party as having been inadvertently produced, shall destroy any electronic copies such that they cannot in any way be retrieved or reproduced, and shall not utilize the information contained in such documents or things for any purpose.

    a. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing within five (5) business days of when the document or thing is returned to the Producing Party.

    b. Within five (5) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a privilege log describing the basis for the claim of privilege or immunity pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

    c. Within five (5) business days after receiving such description, if the Receiving Party is not satisfied that the document or thing is properly designated as privileged, the Receiving Party may file a motion to compel production of such documents and things, in accordance with the Local Rules and Judge Baylson's Civil Pretrial Procedures. If such a motion is filed, the Producing Party shall retain the affirmative burden of proving that the documents and things in dispute

are properly protected by the attorney-client privilege or by work-product immunity.

    d. With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity as set out in this Paragraph, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced

21. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief shall attempt to resolve the matter by agreement with the other party. If, after the parties meet and confer, the matter remains in dispute, either party may promptly present the matter to the Court by motion. During the pendency of such motion and unless the Court rules otherwise, any Confidential Materials shall be handled according to their designation as provided under this Order.

22. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by Order of the Court.

23. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

24. Any violation of the terms of this Order may, in the discretion of the Court, result in sanctions, an award of damages, or other appropriate relief as determined by the Court.

Respectfully submitted this 23rd day of July, 2020.

| | |
|---|---|
| */s/ Marc Edelman*                              | */s/ Brian L. Saunders*                        . |
| Angeli Murthy (PA Bar No. 93699) | Brian L. Saunders (PA Bar No. 315903) |
| **MORGAN & MORGAN, P.A.** | Robert T. Quackenboss (*Pro Hac Vice*) |
| 8151 Peters Rd., 4th Floor | **HUNTON ANDREWS KURTH, LLP** |
| Plantation, Florida 33324 | 2200 Pennsylvania Ave., N.W. |
| Telephone: (954) 318-0268 | Washington, DC 20037 |
| Facsimile: (954) 327-3016 | Telephone: (202) 955-1500 |
| Amurthy@forthepeople.com | Facsimile: (202) 778-2201 |
| | bsaunders@huntonak.com |
| Marc R. Edelman (*Pro Hac Vice*) | rquackenboss@huntonak.com |
| Morgan & Morgan, P.A. | |
| 201 N. Franklin Street, Suite 700 | |
| Tampa, FL 33602 | *Attorneys for Defendants* |
| Telephone: (813) 577-4761 | |
| Facsimile: (813) 559-4870 | |
| medelman@forthepeople.com | |

*Attorneys for Plaintiff*

NOT APPLIED TO TRIAL.

SO ORDERED, this __30th__ day of _____July_____, 2020.

                                                  s/ Michael M. Baylson
                                                MICHAEL M. BAYLSON, U.S.D.J.

# EXHIBIT A

to stipulated Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOPE DAVIS, on behalf of Herself and on behalf of all Others similarly situated, Plaintiff, v. C&D Security Management, Inc. d/b/a/ Allied Universal Security Services, and Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC Defendants. | Case No. 2:20-cv-01758-MMB |

## **ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I have read the Stipulation and Agreed Protective Order entered by the Court on _____, 2020 in connection with this action and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

This _____ day of _____, _____.

_____