IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HOPE DAVIS, On Behalf of Herself and On Behalf of All Others Similarly Situated,**<br><br>v.<br><br>**Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC** | CIVIL ACTION<br><br>No. 2:20-cv-01758-MMB |

**MEMORANDUM RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A "SUBSTITUTED AMENDED COMPLAINT"**

**I.   Introduction**

Hope Davis ("Plaintiff") twice applied to C&D Security Management, Inc. d/b/a "Allied Universal" and Universal Protection Services, LLC, d/b/a "Allied Universal" (collectively "Defendant" or "Allied") for employment as a security guard. Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by denying Plaintiff employment opportunities based on the results of her consumer report without first providing her notice or a copy of the report. Plaintiff seeks relief under the FCRA on behalf of herself and others who are similarly situated. Currently before the Court is Plaintiff's Motion for Leave to File a Substituted Amended Complaint. For the reasons that follow, Plaintiff's Motion will be denied without prejudice.

**II.   Factual and Procedural Background**

The Court has previously written on the factual background of this case. See generally Davis v. C&D Sec. Mgmt., Inc., No. 20-cv-1758, 2020 WL 4284379, *1–2 (E.D. Pa. July 27, 2020) (Baylson, J.). For purposes of the present Motion, the relevant procedural facts are as follows.

The parties agreed on a pretrial schedule for discovery. (ECF 27.) Plaintiff then filed a Motion for Leave to File an Amended Complaint (ECF 33), which she later withdrew (ECF 82). Contemporaneously with the withdrawal, as of April 19, 2021, Plaintiff filed a Motion for Leave to File a "Substituted Amended Complaint." (ECF 83.) Plaintiff made these filings after the completion of discovery, and in the middle of briefing on Defendant's Motion for Summary Judgment which had been filed on March 12, 2021 (ECF 68). In the briefings for the Motions on the Complaint, Plaintiff vaguely refers to factual inaccuracies in the original Complaint and asserts the need to correct them.

### III. Analysis

The Federal Rules of Civil Procedure do not allow for the filing of a "Substituted Amended Complaint." Rule 15 provides the proper vehicle for filing amended and supplemental pleadings. It appears Plaintiff wishes to correct inaccuracies in her pleadings. In correcting inaccuracies, the Court will rely on the requirements of Fed. R. Civ. P. 9(b) which requires a party to "state with particularity the circumstances constituting . . . mistake", in seeking relief.

Plaintiff's Motion for Leave to File a "Substituted Amended Complaint" will be denied without prejudice to file a Motion for Leave to File a Second Amended Supplemental Complaint ("SASC"), pursuant to Rules 15 and 9(b), stating with particularity the reasons for the need to do so.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File a Substituted Amended Complaint will be **DENIED**. The parties shall adhere to the accompanying Order regarding deadlines and details for the briefing on the SASC. All of the proceedings including the Motion to Certify Class will be **STAYED**.